Dorothy WILLARD, Appellant,

v.

Julius G. PETRUSKA, Trustee in Bankruptcy for Burnette Machinery, Inc., Bankrupt, Appellee.

No. 25220.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1968.

Stephen R. Magyar, Orlando, Fla., for appellant.

Jack H. Zinkow, Orlando, Fla., for appellee.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The matter under consideration is the mandate of this Court which directed the trustee herein to pay the lien of the prior successful appellant, Dorothy Willard, out of the proceeds of the sale of assets of the bankrupt. Willard v. Petruska, 356 F.2d 422 (5 Cir., 1966).

The Referee in Bankruptcy, upon remand of the matter to him by the United States District Court for the Middle District of Florida, considered the question of whether the appellant's lien, which this Court had previously determined would be valid, encumbered all the assets of the bankrupt and attached to all the funds in the hands of the trustee, or, rather, whether it was limited and restricted to the proceeds of the sale of the tangible property of the bankrupt. The question was also considered by the Referee whether the appellant Willard could be surcharged with certain costs and expenses incurred by the estate for safekeeping and preservation and for the selling of the properties on which the appellant claimed and established a lien interest.

The first question is controlled by state law, and it is settled in Florida that an execution lien will attach to the goods, chattels, corporate stock and other properties of the judgment debtor, but does not attach to contractual rights, choses of action, such as bank accounts or bad debt reserves, retained by the assignee of commercial papers.[1] This Court agrees with the

1. Florida Statutes 56.061, 56.09, 56.11, F.S.A.

District Court that the execution lien of the appellant attaches only to the tangible property of the bankrupt, and since the sale of said assets produced only $1,100.00, the right of the appellant to satisfy her lien is limited to that amount.

 The second question as to whether costs and expenses incident to the sale in bankruptcy can be apportioned and allocated in this case was answered in the affirmative by the District Court, and this Court does not think that the findings of the District Court are clearly erroneous, and that the determination thereof in the affirmative is entirely correct.

The decision of the District Court, therefore, is affirmed.