**Glynn Edward SCOTT, Plaintiff,**

**v.**

**Ron ANGELONE, et al., Defendants.**

**No. CV–N–90–589–ECR.**

United States District Court,
D. Nevada.

June 28, 1991.

Glynn Edward Scott, in pro per.

George H. Taylor, Deputy Atty. Gen., Carson City, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

Glynn Edward Scott, an inmate incarcerated at the Northern Nevada Correctional Center in Carson City, Nevada, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Therein, Plaintiff alleged that he was denied due process of law under the Fourteenth Amendment of the U.S. Constitution when the Nevada Department of Prisons froze his inmate trust account and deducted money for medical charges. On three separate occasions Plaintiff attempted to purchase various items from the prison commissary store. On each occasion he was informed that his inmate trust account had been frozen and therefore he could not complete his purchase. Plaintiff filed an accounting inquiry, asserting that he had been overcharged for five medical visits (Docket # 4, Exhibit C). On October 9, 1990, Plaintiff received notice that an error had been made and that five medical charges would be reversed. On October 25, 1990, Plaintiff's inmate trust account was reimbursed in the amount of twenty dollars ($20.00), four dollars ($4.00) for each incorrect medical charge. (Docket # 4, Exhibits E and F). Plaintiff is seeking declaratory and injunctive relief, as well as monetary damages. Now under submission to the Court are Defendants' Motion to Dismiss/Motion for Summary Judgment

(Docket # 4), and Plaintiff's Motion to Strike (Docket # 7).

## A. SUMMARY JUDGMENT

Summary judgment may be granted when the moving party shows not only that there is no genuine issue as to any material fact, but also that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Dosier v. Miami Valley Broadcast Corp.*, 656 F.2d 1295, 1300 (9th Cir.1981).

In this case, Plaintiff contends that he was denied due process of law as guaranteed by the Fourteenth Amendment of the Constitution when the Nevada Department of Prisons froze his inmate trust account and deducted money for medical charges. Before his account was frozen, Plaintiff argues, he was entitled to some form of due process, i.e., a predeprivation hearing in order to prevent the arbitrary and discriminatory deprivation of a property interest. Additionally, Plaintiff alleges that the prison policy of charging inmates for medical care is without the approval of the Nevada State Board of Prison Commissioners as required under Nevada Revised Statute (N.R.S.) § 209.131, or the Nevada Legislature. Since Plaintiff's allegations concern a question of law not fact, summary judgment is appropriately granted as follows.

## 1. AUTHORITY TO CHARGE INMATES FOR MEDICAL TREATMENT

■ Plaintiff asserts that Defendant Angelone established, without the approval of the Nevada Board of State Prison Commissioners, the practice, policy, and procedure of charging an inmate four dollars ($4.00) for an inmate-initiated medical visit and freezing the inmate's trust account until the medical charge is paid. Nevada Revised Statute § 209.131(5) provides that the Director of the Department of Prisons shall "[e]stablish regulations with the approval of the board and enforce all laws governing the administration of the department and

the custody, care and training of offenders."

In this instance, Administrative Regulation 245(V)(A) establishes the policy and procedure of charging an inmate four dollars ($4.00) for each inmate-initiated medical visit. This regulation provides:

> Inmates will be charged a sum of four dollars ($4.00) for each visit initiated by the inmate to an institutional physician, physician's extender (physician's assistant or nurse practitioner), dentist, optometrist, or psychiatrist for examination or treatment. Inmates will not be charged for medical visits initiated by medical/mental health staff, referrals to a physician from physician extenders, emergency treatment, or follow-up visits initiated by medical professional, unless treatment is for injuries inflicted by the offender to himself or others.

The Nevada Department of Prisons promulgated this regulation. The head of the Nevada Department of Prisons is the Board of State Prison Commissioners in accordance with Nevada Revised Statute § 209.101. Thus, the policy, practice, and procedure of charging an inmate for a non-referred, non-emergency medical visit was established with the approval of the Board of State Prison Commissioners as required by N.R.S. § 209.131.

■ Plaintiff's complaint may also be construed to allege that the Nevada Department of Prisons does not have the legislative authority to charge an inmate for any type of medical treatment. "An administrative agency that administers a statute does not have the power to make law; rather, its authority is to adopt regulations to carry into effect the will of the legislature as expressed by the statute." *Ruley v. Nevada Bd. of Prison Com'rs*, 628 F.Supp. 108, 111 (D.Nev.1986), *citing Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213–14, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). Thus, an administrative agency acts without authority when it promulgates a rule or regulation in contravention of the will of the legislature as expressed in the statute, or a rule or regulation that exceeds the scope of the statutory grant of authori-

ty. *Ruiz v. Morton,* 462 F.2d 818, 822 (9th Cir.1972), *aff'd,* 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974).

■ A review of Nevada Revised Statute § 209.246 persuades this Court that the Nevada Department of Prisons acted within its authority in promulgating Administrative Regulation 245. The statute provides, in pertinent part: "The director shall, with the approval of the board, establish by regulation criteria for a reasonable deduction from money credited to the account of an offender to: ... (2) Defray the costs paid by the department for medical care for the offender." (N.R.S. § 209.246).

■ Under Administrative Regulation 245, an inmate is only charged for a medical visit that is of a self-initiated, non-emergency type. An inmate is not charged for medical visits initiated by medical personnel, follow-up visits for visits initiated by medical personnel, or for emergency treatment. Thus, an inmate is not charged for his basic medical needs. Moreover, an inmate will never be denied medical treatment for financial reasons because he is not required to pay until after he has received treatment. (Docket # 4, Exhibit H). Distinguishing among the types of medical visits and charging only for unnecessary medical treatment appears to this Court to be a satisfactory criteria for deducting money from an inmate's trust account. Hence, the Court concludes that the four dollar ($4.00) charge is a "reasonable deduction" under Nevada Revised Statute § 209.246 to defray the cost of an inmate's medical care. Therefore the medical charging procedure established under Administrative Regulation 245 is within the intended scope of authority granted by the Nevada Legislature.

## 2. DUE PROCESS REQUIRED

■ Plaintiff also asserts a denial of due process of law under the Fourteenth Amendment of the U.S. Constitution because he was not given a predeprivation hearing prior to the freezing of his inmate trust account and the deducting of money

for medical visits. There is no question that an inmate's interest in the funds in his prison account is a protected property interest. *See Quick v. Jones,* 754 F.2d 1521 (9th Cir.1984); *See e.g., Orloff v. Cleland,* 708 F.2d 372, 378 (9th Cir.1983); *Hansen v. May,* 502 F.2d 728, 730 (9th Cir.1974). Having determined that a protected interest exists, the only question left for the Court to decide is what process is due. This question is a question of law and therefore appropriately determined by summary judgment. *Belnap v. Change,* 707 F.2d 1100, 1102 (9th Cir.1983), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 528, 78 L.Ed.2d 711 (1983).

■ A predeprivation hearing is not constitutionally required for the charging of medical visits or the freezing of an inmate's account because the inmate must authorize the charge prior to treatment and because he is notified of the billing system used through the posting of Administrative Directive 16–91.[1] An inmate is only billed for a medical visit for which he has signed a "brass slip" or a medical "sign-in sheet," authorizing payment from his inmate trust account. (Docket # 4, Exhibit B, Administrative Directive 16–91). Administrative Directive 16–91 notifies the inmate that such departmental charges will be collected from his trust account if the inmate maintains a balance of ten dollars ($10.00) or more. If the account has less than ten dollars ($10.00), then the amount collected to pay the departmental charges will be 50% of each incoming deposit above the ten dollar ($10.00) minimum balance. Administrative Directive 16–91 also informs the inmate that his account will be frozen if he maintains a balance of ten dollars ($10.00) or less. Thus, the inmate is required to authorize the charge prior to treatment and is also advised of the terms and conditions of the credit extended by the Department of Prisons for a non-referred, non-emergency medical visit.

■ In addition to the foregoing predeprivation due process procedures, to wit, the authorization requirement and the notification of the billing system used, the pris-

---

**1.** This regulation is made available at the prison

for inmates to review. (Docket # 4, Exhibit B).

on system also provides adequate postdeprivation due process procedures through its accounting inquiry and inmate grievance procedures.[2] (Docket 4, Exhibits C and G). Plaintiff filed an accounting inquiry with the central administration, alleging that his inmate trust account had been incorrectly charged for five medical visits. (Docket #4, Exhibit C). Attached to the accounting inquiry form was a letter from Plaintiff explaining that several of his medical visits at Northern Nevada Correctional Center were follow-up visits for referred medical visits or previously charged medical visits while he was incarcerated at Nevada State Prison (Docket #4, Exhibit D). The Court notes that there is no indication in the record that Plaintiff informed anyone at the Northern Nevada Correctional Center that the medical visits were follow-up visits from his incarceration at Nevada State Prison until after his account had been charged.

Pursuant to Plaintiff's accounting inquiry that his account had been wrongfully charged for five medical visits, the Department of Prisons reviewed the charges and reimbursed Plaintiff's account twenty dollars ($20.00), i.e., five medical visit charged at four dollars ($4.00) each. (Docket #4, Exhibit E). Although it appears to the Court that Plaintiff was temporarily deprived of access to his property when his account was frozen, the deprivation did not occur as a result of some established state procedure. Instead, the deprivation occurred as a result of the unauthorized failure of state agents to follow established state procedure, i.e., only charging for non-referred, non-emergency medical visits.

Since Plaintiff authorized the charging of his account, had prior notice that his account would be frozen if less than a certain balance were maintained, and was immediately reimbursed for the error after filing an accounting inquiry with the prison, this Court concludes that the prison officials satisfied the requirements of due process in their administration of the medical charging procedure. Defendants' motion

for summary judgment is therefore appropriately granted.

## B. MOTION TO STRIKE

 Plaintiff has requested that the Court strike Defendants' use of the unpublished opinion of *Kenneth Carlisle v. Ron Angelone and Brenda Burns*, CV–N–90–185–ECR, by Defendants. This motion is denied because a court may take judicial notice of its own opinions, published or not.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED on all counts. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike is hereby DENIED.

---

**2.** Plaintiff did not file a grievance with the Department of Prisons concerning this matter. In addition, after being credited for the five medical visits, Plaintiff did not allege any additional wrongfully-charged medical visits.