Glenn **SPRADLEY**, Plaintiff,

v.

William Peter **MARTIN**,
et al., **Defendants.**

No. 92–189–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Aug. 21, 1995.

Glenn Lamar Spradley, Punta Gorda, FL, plaintiff, pro se.

Herschel C. Minnis, Attorney General's Office, Dept. of Legal Affairs, Tallahassee, FL, for defendants.

## *ORDER*

KOVACHEVICH, District Judge.

### *Status*

Plaintiff initiated this action on June 5, 1992, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) William Peter Martin, an Assistant Attorney General for the state of Florida; (2) Bobbie Glover, the administrator of the Department of Corrections Bureau of Admission and Release; and (3) Patricia Roberts, an accountant at Hendry Correctional Institution. Defendants are sued only in their individual capacities.

Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on September 27, 1993 (hereinafter Defendants' Motion for Summary Judgment). (Dkt. # 22) On February 28, 1994, in accordance with *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir.1985), the Court notified Plaintiff of the summary judgment rules, of his right to file affidavits or other materials in opposition

to the motion, and of the consequences of default. (Dkt. # 27)

Plaintiff responded to Defendants' Motion for Summary Judgment on March 21, 1994. (Dkt. # 28) On August 24, 1994, Plaintiff filed a Supplemental Response to Defendants' Motion for Summary Judgment and a Motion for Summary Judgment of his own. (Dkt. # 51)

On September 29, 1994, the Court determined that there are no genuine issues of material fact in this case and therefore this case is properly subject to resolution by summary judgment. Further, the Court ordered that because Plaintiff's claims are clarified significantly in his supplemental response to Defendants' Motion for Summary Judgment, and Defendants had not had an opportunity to address Plaintiff's more clearly presented arguments, Defendants would be permitted to brief any issues they did not previously have an opportunity to address. (Dkt. # 56)

Defendants filed a Supplemental Motion to Dismiss or, in the Alternative, for Summary Judgment on January 11, 1995. (Dkt. # 60) Plaintiff responded to Defendants' supplemental motion on March 21, 1995. (Dkt. # 64)

### Statement of Facts and Claims [1]

On April 20, 1992, a cost judgment for $569.70 was entered against Plaintiff in the United States District Court for the Middle District of Florida, Jacksonville Division, in *Spradley v. Dugger, et. al.,* Case No. 89–340–Civ–J–14. The following day, Defendant Martin, counsel for the defendants in Case No. 89–340–Civ–J–14, forwarded to Defendant Glover a copy of the cost judgment and a letter representing that the cost judgment was final and should be recovered against Plaintiff's prison account pursuant to Rule 33–3.018(11), Florida Administrative Code.[2]

Defendant Glover forwarded the letter to Patricia Roberts, the accountant responsible for the inmate bank trust fund at Hendry Correctional Institution where Plaintiff was incarcerated at that time. On May 17, 1992, Plaintiff applied to withdraw $20.00 from his prison account, but the withdrawal application was returned to him a few days later stamped "0 FUNDS" even though $20.00 had been deposited into his account just prior to May 17, 1992. Defendant Roberts returned Plaintiff's withdrawal application to him because she had placed a hold on his account pursuant to Defendant Martin's letter.

On April 7, 1994, Plaintiff informed this Court that the hold on his prison account had been lifted.

Plaintiff asserts that he has liberty and property interests in the funds in his prison account. He claims that due process requires a predeprivation hearing before a hold is placed on an inmate's prison account pursuant to Rule 33–3.018(11).

Plaintiff also claims that Defendant Martin erroneously represented in his letter of April 21, 1995, that the cost judgment against Plaintiff was final. Plaintiff contends that the cost judgment entered against him in Case No. 89–340–Civ–J–14 was not final because he appealed the Court's decision in that case and because the Court stayed the cost judgment pending appeal.[3]

Finally, Plaintiff claims that the procedure established in Rule 33–3.018(11) is contrary

---

1. The facts set forth herein are undisputed, except where specifically noted.

2. Plaintiff does not dispute that he also received a copy of Defendant Martin's letter. A copy of the letter is listed as Exhibit C to Defendants' Motion for Summary Judgment (Dkt. # 22), but the exhibit appears to be missing from the file. The letter is attached to Plaintiff's Supplemental Response to Defendants' Supplemental Motion for Summary Judgment as Exhibit F (Dkt. # 64).

3. The docket sheet in Case No. 89–340–Civ–J–14, attached hereto, reflects that judgment was entered in favor of Defendants on December 27, 1990; Defendants filed a motion for costs on January 9, 1991; costs were taxed against Plaintiff on January 10, 1991; Plaintiff filed a response to the motion for costs on January 22, 1991; Defendants' motion for costs was granted on April 20, 1992; Plaintiff filed a notice of appeal and a motion to stay cost judgment on May 4, 1992; the stay was granted on June 30, 1992; the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous on January 6, 1993; and the Eleventh Circuit's mandate issued on June 21, 1993.

to the requirements of Fed.R.Civ.P. 69(a) which provides in pertinent part:

(a) Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held. . . .

Plaintiff asserts that the Court in Case No. 89–340–Civ–J–14 did not direct the prevailing parties to enforce the cost judgment by placing a hold on his prison account.

Plaintiff contends that Defendants' aforedescribed conduct violated the due process clauses of the Fourteenth Amendment and the Florida Constitution. Plaintiff seeks to invoke the pendent jurisdiction of this Court over his State constitutional claims.

Plaintiff requests the following relief: (1) a declaratory judgment that his constitutional rights were violated when the hold was placed on his account without affording him a predeprivation hearing; (2) an injunction ordering the release of the hold on his account until he can pay the judgment; (3) an injunction ordering the collection of the judgment by writ of execution; and (4) compensatory and punitive damages.

### Summary Judgment Standard

Summary judgment should be entered only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983) (quoting rule). "The party seeking summary judgment bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee*, 695 F.2d at 1296. "In assessing whether the movant has

met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Id.* (quoting *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1368 (11th Cir.1982)). *See also Thrasher v. State Farm Fire & Casualty Co.*, 734 F.2d 637 (11th Cir.1984). The "mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2nd Cir.1980).

### Discussion

█ Plaintiff has a protected property interest in the funds in his prison account. *See e.g., Scott v. Angelone*, 771 F.Supp. 1064, 1067 (D.Nev.1991); *Quick v. Jones*, 754 F.2d 1521, 1522 (9th Cir.1984); *Artway v. Scheidemantel*, 671 F.Supp. 330 (D.N.J.1987).[4] Plaintiff alleges both unauthorized deprivations of this property and deprivations resulting from an established state procedure, Rule 33–3.018(11) which provides for the collection of a cost judgment entered in favor of the state of Florida in a civil action by an inmate. Rule 33–3.018 provides:

(11) Any cost judgment described in paragraph (10)(d)[5] above, when final either by expiration of the time in which to file an appeal or further appeal or by affirmance on appeal with expiration of the time in which to file a further appeal, shall be paid by offsetting the amount of the judgment against the inmate's funds in his Inmate Bank Trust Fund account in the following manner:

(a) The attorney representing the State in such civil action or appeal shall file with the Admission and Release Authority, Department of Corrections, 1311 Winewood Boulevard, Tallahassee, Florida 32399–2500, a copy of the cost judgment which has been executed by the clerk of the

---

**4.** "Section 1983 does not distinguish between personal liberties and property rights. . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *citing Lynch v. Household Fin. Corp.*, 405 U.S. 538, 549, 92 S.Ct. 1113, 1120–21, 31 L.Ed.2d 424 (1972).

**5.** Rule 33–3.018(10)(d) provides:

(d) If the claimant is the State of Florida and the claim is a cost judgment entered by a state or federal court brought against the inmate either in a civil action brought by the inmate or in an appeal of such civil action, the provisions of subsection (11) of this rule shall apply.

appropriate court, together with a cover letter stating the date and amount of the cost judgment, or the balance remaining if less than the face amount of the judgment, as well as the attorney's name, address and telephone number. The attorney shall also certify in the letter that:

.　　.　　.　　.　　.

3. The judgment or relevant order is final; and

4. A copy of the letter, together with a copy of the cost judgment has been furnished to the inmate. . . .

. . . .

(c) Once the institution receives the letter and a copy of the cost judgment, a hold shall immediately be placed on the inmate's account. The inmate shall be promptly advised of the hold and that the reason therefor is an unsatisfied cost judgment. A copy of the attorney's letter and a copy of the cost judgment will be given to the inmate upon his request.

\*　　\*　　\*　　\*　　\*　　\*

Rule 33–3.018(11).

### A. *Unauthorized Deprivations of Property*

■ An allegation of state officials' negligent or intentional property deprivation does not state a claim for the taking of property without due process of law under the Fourteenth Amendment to the United States Constitution when there is an adequate state tort remedy already in place which would serve to allow Plaintiff to recover the property, or the value thereof, from state officials in a state forum. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

In *Parratt v. Taylor, supra,* the Supreme Court held that the allegation of an unauthorized deprivation of property does not state a procedural due process claim where an ade-

quate state remedy exists to redress the deprivation. In *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), the Court explained that post-deprivation remedies do not satisfy the due process requirement where the deprivation of property is effected pursuant to established state procedure, rather than through random, unauthorized action. In *Hudson v. Palmer, supra,* the Court further explained that post-deprivation remedies may provide due process where the deprivation was intentional, rather than negligent, so long as it was random or unauthorized.

■ In this case, Plaintiff alleges that Defendants, particularly Defendant Martin, failed to comply with the rules governing the collection of cost judgments. Thus, Plaintiff is claiming that the property deprivation resulted from random or unauthorized actions of state officials. The state of Florida provides an adequate state remedy under Section 768.28, Florida Statutes (1991), to redress these alleged random or unauthorized deprivations which Plaintiff could have utilized had he sued Defendants in their official capacities.[6]

With respect to negligent or wrongful acts by state officials, Section 768.28(1) provides the following post-deprivation remedy:

(1) In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the

6. A suit against a government official in his official capacity is really a suit against the state. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

[S]tate officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the

government that employs them. By contrast, officers sued in their personal capacity come to court as individuals.

*Hafer v. Melo,* 502 U.S. 21, 26, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991) (citing *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).

state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. Any such action may be brought in the county where the property in litigation is located or, if the affected agency or subdivision has an office in such county for the transaction of its customary business, where the cause of action accrued.

Plaintiff failed to avail himself of this remedy because he sued Defendants in their individual capacities only. However, the remedy was available to Plaintiff and he cannot now claim that he was deprived of due process because he failed to take advantage of the remedy.

■ Plaintiff also is precluded from recovery under Section 768.28(9)(a), Florida Statutes (1991), against Defendants in their individual capacities because he does not allege that Defendants acted in bad faith, with malicious purpose, or in a wanton or willful manner. Section 768.28(9)(a) provides:

> (9)(a) No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

.    .    .    .    .

If Plaintiff Spradley is attempting to allege that Defendants acted in bad faith, maliciously, or wantonly or willfully, he has an available post-deprivation remedy under Section 768.28(9)(a). As in *Hudson*, he is precluded from recovery under 42 U.S.C. § 1983 because Florida provides an adequate post-deprivation remedy.

■ Finally, negligent acts are insufficient as a basis for liability under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986); *Bailey v. Board of County Commis-*

*sioners*, 956 F.2d 1112, 1121 n. 8 (11th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992).

### B. Deprivations of Property Resulting from an Established State Procedure

As noted, Plaintiff also alleges deprivations resulting from an established state procedure, Rule 33–3.018(11). With respect to this claim, Plaintiff argues that due process requires a predeprivation hearing in order to prevent the erroneous deprivation of a property interest.

Having determined that Plaintiff has a protected property interest in the funds in his prison account, the Court must next decide what process is due before Plaintiff is deprived of that property. This is a question of law and therefore appropriately determined by summary judgment. *Scott v. Angelone*, 771 F.Supp. 1064, 1067 (D.Nev.1991).

■ Due process is a flexible concept. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Application of due process analysis requires "a recognition that not all situations calling for procedural safeguards call for the same kind of procedure." *Id.* Due process requires only "such procedural protections as the particular situation demands." *Id.* at 481, 92 S.Ct. at 2600.

■ Prior to the hold being placed on Plaintiff's prison account, Plaintiff was afforded notice and an opportunity to be heard with respect to the taxation of costs in court. Defendants filed their Motion for Taxation of Costs on January 1, 1991, and Plaintiff filed a response thereto on January 22, 1991. The Court did not address Defendants' motion until April 20, 1992.

Further, Rule 33–3.018(11) notifies inmates that a hold will be placed on their account if the requirements of that rule are satisfied; the Florida Administrative Code Rules pertaining to the Florida Department of Corrections are available to all inmates in the custody of the Florida Department of Corrections.

In addition to the foregoing predeprivation due process procedures, the inmate receives a copy of the letter from the attorney for the State requesting the hold and the institution notifies the inmate of the hold and the reason therefor. Further, the institution is required to make copies of the letter and the judgment or relevant order available to the inmate upon request. The prison system provides adequate post-deprivation due process procedures through its accounting inquiry and inmate grievance procedures.[7]

For these reasons, the Court concludes that Plaintiff's due process rights were meaningfully protected; a predeprivation hearing was not required prior to placing the hold on his prison account.

### C. Rule 69(a), Federal Rules of Civil Procedure

■ Plaintiff argues that placing a hold on his account in accordance with Rule 33–3.018(11) violated due process because a writ of execution was not obtained as required by Rule 69(a), and the court did not order that the cost judgment could be collected by another procedure. This argument is without merit.

Under Florida law, the following assets are subject to levy and sale under execution:

> Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution. Likewise the interest in personal property in possession of a vendee under a retained title contract or conditional sale contract shall be subject to levy and sale under execution to satisfy a judgment against the vendee. This shall be done by making levy on such personal property.

Section 56.061, Florida Statutes. An execution lien "does not attach to contractual rights, choses of action, such as bank accounts or bad debt reserves. . . ." *Willard v. Petruska,* 402 F.2d 756 (5th Cir.1968). Thus, it appears that funds in Plaintiff's inmate bank account could not be reached by writ of execution.[8]

In any event, any errors the Defendants made in failing to comply with Rule 69(a) and other federal and state rules governing the enforcement of cost judgments by writ of execution or by any other procedure were, as noted previously, random or unauthorized acts for which an adequate state remedy exists.

### D. Qualified Immunity

■ Further, even if the application of the established state procedure did result in a constitutional violation, Defendants Glover and Roberts are entitled to qualified immunity. Whether an official is entitled to qualified immunity depends upon whether, in taking the challenged action, they violate clearly established rights of which a reasonable person would have known. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The issue of whether the constitutional right at issue is clearly established is a question of law. *Id.* In this case, it was not clearly established that placing a hold on Plaintiff's prison account would violate Plaintiff's constitutional rights. Therefore, even if the state procedure at issue is not constitutionally sound, Plaintiff is not entitled to damages from Defendants Glover and Roberts in their individual capacities.

### E. Claims for Injunctive Relief

Plaintiff's claims for injunctive relief are moot: the cost judgment has been satisfied and the hold on Plaintiff's prison account has been lifted. *Plaintiff's Notice to Court,* Dkt. # 34.

---

7. Plaintiff employed these procedures in objecting to the hold on his account. *See e.g.,* Dkt. # 51, Exhibit F; Dkt. # 64, Exhibits A–C & G.

8. Plaintiff probably did not own any property subject to levy and sale under execution in Florida. *Plaintiff's Affidavit of Indigency,* Dkt. # 2, p. 4.

### *Conclusion*

For the reasons set forth in this opinion, it is now ordered:

Defendants' Motion for Summary Judgment (Dkts. # 22 & 60) is **GRANTED.** The Clerk shall enter judgment in favor of the Defendants and close this case.

ORDERED.