**In re Fred DITTER, Sandra Ditter, and Ditter & Associates, Debtors.**

**Fred DITTER, Sandra Ditter, and Ditter & Associates, Appellants,**

v.

**Harold GREENBERG dba Law Firm of Harold Greenberg, Michael Damsky, Rosanne M. Guagenti and Guagenti & Damsky, and Michael S. Kogan, Chapter 7 Trustee, Appellees.**

BAP No. CC–95–2145–VOB.
Bankruptcy No. SV 94–28420–KL.
Adv. No. SV 95–01276–KL.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 23, 1996.

Decided Dec. 18, 1996.

George M. Wallace, Pasadena, CA, for Fred & Sandra Ditter.

Adam L. Gubner, Los Angeles, CA, for Michael S. Kogan.

Daniel A. Lev, Los Angeles, CA, for Michael Damsky, Rosanne M. Guagenti and Guagenti & Damsky.

Before: VOLINN, OLLASON, and BRANDT,[1] Bankruptcy Judges.

*OPINION*

VOLINN, Bankruptcy Judge:

## OVERVIEW

Prior to filing bankruptcy, the debtors, Fred and Sandra Ditter, sued their former counsel for malpractice, alleging that counsel's negligence caused dismissal of a suit for wrongful termination of employment. While litigating the malpractice action, the debtors filed a chapter 7 bankruptcy case.

The debtors anticipated that the Chapter 7 trustee would abandon the malpractice suit. Instead, as a result of negotiations with defendant's counsel, the trustee sought court approval to settle the state court claim. The debtors and one creditor opposed the settlement. Further, the debtors moved to dismiss the bankruptcy. The court determined that the settlement offer was in the best interest of the creditors, approved it, and denied the debtors' motion to dismiss. Following the court's denial of the debtors' motion for reconsideration, the debtors appealed. The trial court's approval of the settlement and denial of the debtors' request to dismiss were reviewed in *In re Ditter*, BAP Nos. CC–95–1447–VOMc and CC–95–1954–VOMc (9th Cir. BAP 1996).

Pending disposition of that appeal, the trustee filed a request to dismiss the action in the state court proceeding. The debtors filed a motion requiring the trustee to take all actions necessary to withdraw the state court request for dismissal, arguing that because the damages in the underlying suit would compensate the debtor for post-petition earnings, the damages in the suit should be excluded from the estate under section 541(a)(6).[2] The court denied this motion and the debtors timely appealed.

## FACTS AND PROCEEDINGS BELOW

After separation from his job at Matthew Bender, a legal publishing house, Ditter retained a law firm (the "Greenberg firm") to sue his former employer for wrongful termination, seeking damages of between $491,749 and $2,743,222.[3] The Greenberg firm filed a timely state court complaint in the matter in April, 1987. However, while timely filed, the complaint was not timely served; as a result, the lawsuit was dismissed, precluding Ditter from prosecuting the merits of his claim. In August, 1991, the Ditters sued the Greenberg firm for malpractice, and, alleging professional negligence and other theories, sought over $2,000,000 in damages.

The malpractice suit was pending when Ditter and his wife filed a joint chapter 7 petition on May 13, 1994. The debtors listed their claim against the Greenberg firm as an asset and a chapter 7 trustee was appointed. The debtors had expected the trustee to abandon to them their claim against the Greenberg firm. However, the trustee chose neither to abandon the suit nor to permit the debtors to prosecute the action on behalf of the estate; instead he engaged in settlement negotiations with the Greenberg firm.

The parties presented a settlement proposal to the bankruptcy court for approval. Under the proposed terms, the Greenberg firm agreed to waive a sanctions claim against Ditter and pay the estate $10,000 (increased on objection to $40,000) to dismiss the Greenberg matter. The trial court approved the $40,000 settlement over the objection of Ditter and one creditor; concurrently, the court denied Ditter's motion to dismiss his bank-

---

1. Hon. Philip H. Brandt, Bankruptcy Judge for the Western District of Washington, sitting by designation.

2. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330; references to "rule" or "Fed.R.Bankr.P." are to the Federal Rules of Bankruptcy Procedure §§ 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

3. Certain facts contained herein are taken from *In re Ditter*, BAP Nos. CC–95–1447–VOMc and CC–95–1954–VOMc (9th Cir. BAP 1996). Although those dispositions were not published, a court may take judicial notice of its own opinions, whether published or not. *Scott v. Angelone*, 771 F.Supp. 1064, 1068 (D.Nev.1991), aff'd, 980 F.2d 738 (9th Cir.1992); *Latta v. Western Inv. Co.*, 173 F.2d 99, 103 (9th Cir.), cert. denied, 337 U.S. 940, 69 S.Ct. 1516, 93 L.Ed. 1744 (1949).

ruptcy. Ditter's appeal of these decisions was decided in *In re Ditter,* BAP Nos. CC–95–1447–VOMc and CC–95–1954–VOMc (9th Cir. BAP 1996), which reversed and remanded the settlement for further review by the trial court.

While the appeal was pending, the debtors commenced an adversary proceeding to challenge the trustee's entitlement to settle the lawsuit. The debtors argued that they had an ownership interest in the lawsuit because some portion of the damages that would have been received in the malpractice action represented post-petition earnings which would have been excluded from the estate pursuant to section 541(a)(6).

Following a hearing, the court ruled that Ditter did not have an ownership interest in the suit:

> a claim for future earnings is part of the estate, and [section] 541(a)(6) does not take it out of the estate. [I] don't think any ... action or inaction are required of Mr. Ditter within the meaning of the cases that I have read that would somehow take it out of the estate and make it part of, or bring it under the gambit [sic] of [section] 541(a)(6).

The parties agreed that the court's ruling disposed of the issues. Therefore, the parties agreed to "craft a procedural stipulation which provides for the dismissal [of Ditter's action] and preserves the right to appeal so we get up there quicker." Thus, the parties agreed to the stipulation and the court dismissed the complaint "without prejudice to refile." The debtors appealed.[4] Although the essence of the debtors' appeal is whether the bankruptcy court erred when it held that no portion of the Greenberg matter was excludable from property of the estate under

section 541(a)(6),[5] the Panel does not reach this issue.

## ISSUE PRESENTED

Whether the Panel has jurisdiction to hear this appeal where the court's dismissal of Ditter's complaint was without prejudice.

## STANDARD OF REVIEW

The issue presented raises purely legal issues and is therefore reviewed *de novo.* *In re Commercial Western Finance Corp.,* 761 F.2d 1329 (9th Cir.1985).

## DISCUSSION

*Jurisdiction of the Panel*

Although the parties agree that the Panel has jurisdiction to hear this case, "we have an independent duty to examine our own subject matter jurisdiction." *In re Bonner Mall Partnership,* 2 F.3d 899, 903 (9th Cir. 1993), *appeal dismissed,* 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). Ditter and the trustee stipulated to a dismissal which preserved Ditter's right to appeal but was without prejudice to refile. All parties, including the judge, seemed to believe this dismissal to be in lieu of a final order.

The Ninth Circuit has held that "[a] voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal. Nor may a plaintiff appeal from a joint stipulation to voluntary dismissal, entered unconditionally by the court pursuant to a settlement agreement." *Concha v. London,* 62 F.3d 1493, 1507 (9th Cir.1995), *cert. dismissed,* ——.U.S. ——, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996). The court explained that a "voluntary dismissal without prejudice

---

4. The stipulation also denied Ditter's motion requesting relief from the automatic stay to present a motion to the state court requesting reinstatement of the Greenberg matter and requesting that the chapter 7 trustee appoint successor counsel. In addition, the trial court rejected Ditter's argument that the award could be exempted under Cal.R.Civ.P. § 704.070. The debtors do not challenge these rulings on appeal.

5. Section 541(a) provides in pertinent part that the estate is:

> comprised of all the following property, wherever located and by whomever held:
>
> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

is not adverse to the plaintiff's interests. The plaintiff is free to seek an adjudication of the same issue at another time in the same or another forum." *Id.*[6]

Although the trial court has dismissed this case, it retains jurisdiction to undertake further proceedings. *See Coursen v. A.H. Robins Co.,* 764 F.2d 1329, 1343, *opinion corrected,* 773 F.2d 1049 (9th Cir.1985) (remanding to the trial court for further proceedings because it would have been "inappropriate to affirm the district court's dismissal order since appellants would be barred from . obtaining any relief without ever having obtained any review" where plaintiff dismissed suit with prejudice). Therefore, we will dismiss this appeal, and direct the trial court to enter a final order in this matter.

## CONCLUSION

Although we recognize that our actions here may appear to be a waste of judicial resources, the Ninth Circuit has rejected the proposition that "a stipulated judgment is appealable when the stipulation is merely a means of gaining appellate review of an interlocutory order." *Plasterers Local Union No. 346 v. Wyland Enterprises,* 819 F.2d 217, 218 (9th Cir.1987). Therefore, because the parties' voluntary dismissal without prejudice deprives the Panel of jurisdiction, we DISMISS this appeal and REMAND to the trial court for further proceedings consistent herewith.

---

**6.** The *Concha* court ruled that a plaintiff is permitted to appeal from a voluntary dismissal with prejudice. *Concha,* 62 F.3d at 1507.