**In re MUSIC MERCHANTS, INC., Debtor.**

**T. Edward MALPASS, Appellant,**

**v.**

**R. Neil RODGERS, Chapter 7 Trustee, Ronald Taxe and James J. Joseph, Appellees.**

**BAP No. CC–96–1364–VOH.**
**Bankruptcy No. SA–87–04366–JB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 19, 1997.

Decided May 20, 1997.

T. Edward Malpass, Newport Beach, CA, pro per.

Before: VOLINN, OLLASON, and HAGAN, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

## OVERVIEW

Following a remand from the BAP determining that the trial court retained jurisdiction to reconsider a fee request following the dismissal of the underlying bankruptcy, an attorney representing the creditors' committee requested certain fees and a fee enhancement for delay in payment. The trial court partially granted his request, but declined to enhance the award because of delay. The court denied the subsequent motion to reconsider and the attorney filed this timely appeal.

## BACKGROUND FACTS [1]

In July, 1987, Music Merchants, Inc. filed bankruptcy under chapter 11.[2] In April, 1988, the U.S. Trustee appointed a creditors' committee, and a few weeks later, appellant T. Edward Malpass ("Malpass") was appointed its counsel.

Malpass was initially employed to represent the creditors' committee on May 13, 1988. He filed an initial fee application on February 6, 1989, which sought fees of approximately $24,000 and expenses of approximately $300 for the period from February to November, 1988. Following a hearing, the trial court allowed no fees or expenses to be paid. Malpass moved for reconsideration and resubmitted the first interim fee applica-

1. Portions of factual background for this case were found in *In re Music Merchants, Inc.*, BAP No. CC–93–1062–BrVH (9th Cir. BAP 1995).

2. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. § 101–1330; references to "rule" or "Fed.R.Bankr.P." are to the Federal Rules of Bankruptcy Procedure §§ 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

tion in June, 1989. By order entered June 19, 1989, the trial court allowed all requested fees and expenses, but ordered only a fifty percent payment of the amount allowed.

Malpass filed a second interim application in October, 1991 (for work performed from December, 1988 through September, 1991), in which he sought approximately $16,000 in fees and $350 in expenses and requested the fees awarded but held back from the first application. Following a hearing on the second interim application, in April, 1992, the court allowed Malpass $3,500 in fees and all requested expenses, but denied payment of fees held back in the first interim application. Malpass filed a motion for reconsideration of the court's ruling, which was denied.

In May, 1992, Malpass filed a final fee application requesting payment of fees allowed and held back in the first interim application and additional fees for work performed from September, 1991 to May, 1992. Following a hearing, the trial court, in September, 1992, allowed additional fees of $2,000 and expenses of approximately $120, but denied approximately $3,300 in requested fees. The court also ordered payment of amounts allowed but held back from the first interim application, which had been filed and heard in 1989.

Malpass again requested reconsideration and requested enhanced compensation for the delay in payment as a result of the delays. In December, 1992, the trial court denied Malpass's motion because it found that the dismissal of the Music Merchants corporate case deprived it of jurisdiction. Malpass appealed to the BAP. By memorandum decision, the BAP reversed and found that the trial court retained jurisdiction over the fee application and remanded for further consideration.

Malpass asserts that he repeatedly asked the trial court to take action on the remanded case. In November, 1995, more than eight months after remand, Malpass filed a formal application requesting hearing on the remanded fee application.

Following the hearing, by memorandum opinion entered on February 12, 1996, the trial court granted the motion for reconsideration and allowed Malpass approximately $13,000 in additional fees from the second interim and final fee applications but again denied enhancement of the award to compensate for delay in payment. Malpass has not included a copy of the hearing transcript in the excerpts of record.

Malpass timely filed a motion for alteration of the court's order, asserting that the court erred when it disallowed certain fees and refused to enhance the award to compensate for delays caused in part by Malpass's appeal of the court's erroneous ruling. The court denied this request on March 29, 1996 and Malpass filed this timely appeal. According to Malpass, funds are available to pay all requested compensation.

## ISSUES

Whether the trial court erred when it refused to enhance Malpass's compensation for delay in payment.

Whether the trial court erred when it denied certain requested fees and expenses.

## STANDARD OF REVIEW

■ "A bankruptcy court's award of attorneys' fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law." *In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir.1985).

## DISCUSSION

*Did the trial court err when it declined to enhance Malpass's fee?*

Although Malpass cites several alleged errors on the part of the trial court, he principally argues that "reasonable compensation must contain an enhancement to compensate for unreasonable delays in payment." Malpass states that "case law, including Ninth Circuit decisions ... makes it clear that a reasonable attorney's fee is obtained only when payment is received within the time payment is normally received by similarly

skilled professionals practicing in other areas of the law" and, therefore, calculation of Malpass's fee "must take into account whether payment has been delayed such that enhancement is necessary." He claims that "the duty to enhance is not a matter of discretion where failure to enhance will result in compensation less than what would be received [sic] similarly skilled practitioners in other areas of the law." Malpass also argues that this case presents "the relatively narrow issue of whether enhancement is required where the delay is caused by the need to appeal, successfully, from an erroneous ruling" of the trial court.

Malpass principally relies on two cases. First, he argues that *Nucorp Energy*, 764 F.2d 655 (9th Cir.1985), stands for the proposition that when attorneys representing an estate or a creditors' committee are forced to take additional time and incur additional expenses prior to payment, such costs are compensable as part of their compensation. *Nucorp Energy*, however, found that attorneys could be compensated for preparing and presenting fee applications; the case did not deal specifically with delay, although the court's reasoning rested in part on the argument that "the compensation of bankruptcy counsel should be commensurate with that awarded to non-bankruptcy attorneys for 'comparable services.'" *Nucorp Energy*, 764 F.2d at 659 (quoting section 330(a)(1)).

Second, Malpass quotes extensively from *In re Commercial Consortium of Cal.*, 135 B.R. 120 (Bankr.C.D.Cal.1991), a bankruptcy court decision in which the court enhanced an attorney's fee award for delay in payment:

> Interim fee applications are supposed to help avoid undue delays in payment. When delay has nevertheless occurred, counsel should not have to bear the full brunt of the resulting financial impact. Therefore, this Court holds that use of current hourly rates should be permitted to compensate counsel for unavoidable delay in allowance of fees.

*Commercial Consortium*, 135 B.R. at 127. Therefore, the trial court ruled that "compensation for unavoidable delay in allowance of fees in bankruptcy cases should be provided in the form of allowance at current, rather than historical, hourly rates." *Id.* at 128.

*Commercial Consortium* relied in part on *Missouri v. Jenkins*, which addressed fee awards under the Civil Rights Attorney's Fees Awards Act of 1976:

> Compensation received several years after the services were rendered ... is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings. We agree, therefore, that an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of [42 U.S.C. § 1988].

*Missouri v. Jenkins*, 491 U.S. 274, 283–84, 109 S.Ct. 2463, 2469–70, 105 L.Ed.2d 229 (1989) (footnote omitted).

None of the cases cited by Malpass supports his argument that enhancement is required by law. As the panel stated in its memorandum decision in the first appeal, "[w]hile delay may be an appropriate consideration for the bankruptcy court in awarding fees under a lodestar analysis ... appellant has cited no authority for the proposition that awarded fees *must* be adjusted for delay in payment." *In re Music Merchants, Inc.*, BAP No. CC–93–1062–BrVH (9th Cir. BAP1995) at 18.[3] The trial court in its memorandum decision stated that "Malpass did not present any evidence to show that the fee award that he will receive is unreasonable or that the 'totality of the circumstances' warrant an adjustment of his hourly billing rate and I do not find that to be the case here." Malpass does not argue that the trial court here abused its discretion or that it misinterpreted the evidence presented; rather, his

---

3. Although that disposition was not published, a court may take judicial notice of its own opinions, whether published or not. *Scott v. Angelone*, 771 F.Supp. 1064, 1068 (D.Nev.1991), *aff'd*,

980 F.2d 738 (9th Cir.1992); *Latta v. Western Inv. Co.*, 173 F.2d 99, 103 (9th Cir.), *cert. denied*, 337 U.S. 940, 69 S.Ct. 1516, 93 L.Ed. 1744 (1949).

argument is based solely on an alleged legal right to enhancement. Because the caselaw does not support this claim, we affirm the trial court on this issue.

*Did the trial court err when it failed to award all of the requested fees and expenses?*

Malpass argues that the trial court erred when it deducted fees based upon Malpass's failure "to properly utilize junior associates or paralegals for less sophisticated legal tasks." Malpass claims that his firm's paralegals were not sophisticated litigation paralegals and were unable to perform the services he performed. Malpass argued below that he should not be penalized because he is a sole practitioner. Malpass also states that the trial court did not point to a specific instance in which a paralegal was available to perform particular services.

■ Malpass misperceives the trial court's ruling. Although the trial court reasoned that certain tasks could have been performed by a paralegal, it also stated: "Even if he did not have any other staff members capable of performing less sophisticated legal tasks, Malpass is still not entitled to bill at a partner's rate for such work." The court, therefore, reduced Malpass's hourly rate from $195 to $125 for specific tasks "which could have been performed by a paralegal or a junior associate." Although the court did not state that a paralegal could have performed the specified tasks, the court listed the amount by which it would reduce the fee request. Malpass does not argue that the court is prohibited from reducing the fee award for work that could have been performed by a lower paid professional. Therefore, Malpass has not shown that the trial court abused its discretion on this issue.

■ In addition, the court denied fees for certain appearances by Malpass. The court allowed Malpass's fees for a pleadings review in a motion to approve a compromise, but denied $680 in fees for Malpass to attend

a hearing on the motion because the committee did not oppose the compromise. Similarly, the court denied $630 in fees for Malpass to attend a claim objection hearing because "Malpass did not provide me with any insights as [to] why the Committee felt compelled to attend a hearing where the claimant was represented by counsel." The court therefore concluded that "the service was not necessary or beneficial." Finally, the court denied fees for Malpass's attending hearings in a related appeal, despite his argument that monitoring those proceedings was beneficial to the Music Merchants creditors. Malpass argues that these findings are clearly erroneous.[4] As support, he provides general statements that the creditors committee wanted him to make these appearances. For instance, he argues in his opening brief that his attendance at a claim objection hearing in which the creditor was separately represented was necessary because "the Court and the Trustee were not functioning correctly in the case and needed to be monitored." However, he does not provide sufficient facts to show the court's errors. The trial court here was substantially more familiar with the facts and proceedings than the panel and Malpass has not shown that the trial court abused its discretion when it denied these fees.

## CONCLUSION

Malpass has litigated for the fees requested for more than eight years. Malpass acknowledges that "the amounts involved are relatively small," but he claims that "resolution [of the appeal] involves several important issues which are apparently open in the Ninth Circuit." However, Malpass has not shown that the trial court abused its discretion when it refused to enhance Malpass's fee for delay in payment or when it denied certain requested fees. Therefore, the trial court is AFFIRMED.

---

**4.** Malpass argues that this last ruling was legal error entitled to *de novo* review. However, the

trial court's conclusion that Malpass's actions did not benefit the estate was a factual finding.