**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JIM C. ELLIOTT,

      Plaintiff - Appellant,

v.

CHARLES E. SIMMONS, Secretary
of Corrections, KDOC; LOUIS E.
BRUCE, Warden, Hutchinson
Correctional Facility; IRLENE DICK,
Business Manager Trustee, Hutchinson
Correctional Facility; LINDA
TOMPSON, Accounting Clerk,
Hutchinson Correctional Facility; D
GOFF, Prison Health Services,
Hutchinson Correctional Facility; and
RON WARTTS, SATP, Mental Health
Services, Hutchinson Correctional
Facility,

      Defendants - Appellees.

No. 03-3280
(D.C. No. 02-CV-3180-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jim C. Elliott ("Plaintiff"), a pro se prisoner, brought this civil rights action under 42 U.S.C. § 1983 seeking damages, a declaratory judgment, and injunctive relief on various claims challenging the constitutionality of legislation that authorized the Kansas Secretary of Corrections to adopt a regulatory scheme for assessing inmate fees. The district court dismissed Plaintiff's complaint for failure to state a claim, and Plaintiff now appeals.[1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

**BACKGROUND**

In his complaint before the district court, Plaintiff argued, inter alia, that the Kansas regulatory scheme governing the assessment of inmate fees (K.A.R. 44-5-115)[2] violated his equal protection and procedural due process rights, as well as his right to be free from ex post facto laws.[3] He also requested the

---

[1]Plaintiff has also filed a motion to supplement the record and file a supplemental brief, which we provisionally granted on January 26, 2004. We now grant that motion and incorporate those materials into the record considered in this case.

[2]Plaintiff refers to this scheme as "H.B. 2832," which was the 1994 bill that enacted K.A.R. 44-5-115.

[3]Plaintiff also made several other arguments that are not raised in his appellate brief (or supporting materials) and are thus waived. In particular, he additionally argued below that the regulatory scheme constituted cruel and

(continued...)

appointment of counsel. The district court pointed to several Kansas Supreme Court decisions and federal circuit court cases that have found this and similar fee structures to withstand constitutional scrutiny, and dismissed Plaintiff's case for failure to state a claim.[4] Because the case lacked merit, the district court additionally refused Plaintiff's request for appointed counsel. Plaintiff then filed a motion to alter or amend the judgment pursuant to Rule 59(e), which was denied by the district court.

On appeal, Plaintiff argues that the district court erred in finding K.A.R. 44-5-115 to survive due process, equal protection, and ex post facto challenges, and continues to insist upon the appointment of counsel.[5] For the following reasons, we AFFIRM the district court's dismissal of these claims for failure to state a claim under § 1983.[6]

---

[3](...continued)
unusual punishment under the Eighth Amendment, a bill of attainder, and double jeopardy. He also asserted that the fee structure lacked a reasonable relationship to the state's penalogical interest of compensating victims when applied to those inmates convicted of victimless crimes.

[4]The district court also declined to exercise supplemental jurisdiction over any state claims, since the federal claims were not cognizable under § 1983. See 28 U.S.C. § 1367(c)(3).

[5]We discern these arguments from Plaintiff's appellate brief and attachments thereto, and note that in doing so we are liberally construing these pleadings since Plaintiff appeals pro se.

[6]Plaintiff also makes several arguments for the first time on appeal, which
(continued...)

**DISCUSSION**

Standard of Review:

A district court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted). All reasonable inferences must be indulged in favor of the plaintiff, and pro se pleadings are to be liberally construed. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). The legal sufficiency of a complaint is a question of law that we review de novo. Sutton, 173 F.3d at 1236.

We review for abuse of discretion the district court's failure to appoint counsel for a plaintiff with in forma pauperis status. McCarthy v. Weinberg, M.D., 753 F.2d 836, 838 (10th Cir. 1985).

---

[6](...continued)
we decline to consider. He argues: (1) that the prison food is unsanitary and of poor quality, (2) that he lacks a typewriter and other means of access to the court system, and (3) that food preparers earn unsatisfactory wages. Plaintiff additionally argues on appeal that the guards are "biased" and block access to the courts, which was improperly raised for the first time in Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e). We DISMISS the appeal on these issues without prejudice.

Analysis:

We agree with the district court that Plaintiff has not alleged facts that state a claim under § 1983 in his challenge of the prison fee structure as violating procedural due process, equal protection, or ex post facto principles.

First, although Plaintiff possesses a protected property interest in his prison trust account, prison grievance procedures provide sufficient post-deprivation proceedings to satisfy procedural due process and Plaintiff has not alleged a lack of notice. See Weinlood v. Simmons, 262 Kan. 259, 265-66 (1997) (regarding K.A.R. 44-5-115); Alley v. Kansas, 1997 WL 695590, *4 (D. Kan. 1997) (same); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 421-22 (3d Cir. 2000); Reynolds v. Wagner, 128 F.3d 166, 181 (3d Cir. 1997); Scott v. Angelone, 771 F. Supp. 1064, 1067 (D. Nev. 1991).

Second, this fee structure does not violate Plaintiff's equal protection rights. Plaintiff does not allege that he is in a suspect or quasi-suspect class and so we presume the regulatory scheme to be valid unless it is not "rationally related to a legitimate state interest." See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). The state's goals behind this fee structure were to teach fiscal responsibility and reimburse the state for costs of incarceration, both of which are rationally related to the scheme set forth in K.A.R. 44-5-115. See Roark v. Graves, 262 Kan. 194, 196 (1997) (analyzing the

reasonable relationship between state interests and K.A.R. 44-5-115); see also Tillman, 221 F.3d at 423 (finding similar state prison fee system to survive equal protection challenge).

Third, the regulatory fee structure does not violate ex post facto principles because these fees do not constitute additional punishment or criminal sanctions. See Roark, 262 Kan. at 196 (dismissing ex post facto challenge to K.A.R. 44-4-115). "The fees are not attached to the criminal convictions but are attached to the inmate trust accounts without regard to what crimes were committed or what punishment resulted." Id.

Finally, the district court did not err in failing to appoint counsel in this case, as Plaintiff's action lacked merit. See McCarthy, 753 F.2d at 838.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii),[7] which constituted a "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Plaintiff is also reminded that he remains obligated to make partial payments until all of the district court filing fees and appellate fees have been paid.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[7]To the extent that Plaintiff also appeals the district court's denial of his motion to alter or amend the judgment under Rule 59(e), we AFFIRM because the court did not abuse its discretion. See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002) (stating that standard of review for Rule 59(e) ruling is abuse of discretion). Plaintiff did not persuade the court that it had committed manifest errors of law or fact, nor did he present newly discovered evidence. The court was correct that Rule 59(e) does not provide an opportunity to raise new issues for the first time after entry of judgment. See Steele v. Young, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).