# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN KAMEDULA,
Appellant,
vs.
DESIREE HULTENSCHMIDT;
KENNETH D. TABER; DONALD POAG;
KATHERINE HEGGE; DWAYNE DEAL;
WILLIAM SANDIE; ROBERT
LEGRAND, WARDEN; CHARLES
SCHARDIN; ROBERT B. BANNISTER;
ROMERO ARANAS; JAMES G. COX;
THE STATE OF NEVADA BOARD OF
PRISON COMMISSIONERS; STARLIN
GENTRY; CONNOR RUTHERFORD;
JONATHAN SHEPPHIRD; JASON
ALLEN; THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS;
THE STATE OF NEVADA; AND BRIAN
SANDOVAL,
Respondents.

No. 79098

**FILED**

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court summary judgment in a civil rights and tort action. Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge. Reviewing de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) ("This court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court."), we affirm.[1]

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

20-23452

Appellant Brian Kamedula asserted a number of claims against Nevada Department of Corrections (NDOC) employees under 42 U.S.C.A. § 1983 and state law, arising from his dental care. After a successful appeal of the dismissal of that complaint, *see Kamedula v. Hultenschmidt*, Docket No. 66787-COA (Order of Reversal and Remand, Aug. 31, 2015), the district court granted summary judgment in favor of respondents on remand. Kamedula challenges that decision.

Kamedula first argues that the district court erred by finding that respondents were not deliberately indifferent to his serious dental needs. We disagree. Kamedula failed to demonstrate that any delay in dental treatment caused him substantial harm and concedes that he ultimately received treatment to his satisfaction. *See Butler v. Bayer*, 123 Nev. 450, 459, 168 P.3d 1055, 1062 (2007) (explaining that deliberate indifference constitutes an Eighth Amendment violation when the prisoner shows "more than ordinary lack of due care for the prisoner's interests or safety [and that] the official . . . actually [knew] of and disregard[ed] an excessive risk to inmate health or safety" (internal quotation marks omitted)); *see also Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that a mere delay in medical treatment, absent a showing of resulting substantial harm, is insufficient to establish deliberate indifference). Moreover, the record reflects that respondents adequately treated Kamedula in accordance with NDOC administrative regulations and the medical opinion of the resident dentist at Lovelock Correctional Center (LCC). It also shows that Kamedula refused an offer to transfer to a facility closer to NDOC's dental lab to get a second opinion and speed up his treatment. And Kamedula did not present any evidence to create a genuine issue of material fact as to whether inadequate dental

SUPREME COURT
OF
NEVADA

(O) 1947A

2

staffing caused any delays in his treatment: respondents presented proof of adequate staffing, and Kamedula acknowledged in his amended complaint that numerous other inmates received their requested dental care. The district court therefore properly granted summary judgment on Kamedula's deliberate indifference claims.

Second, Kamedula argues that the district court erred by finding that NDOC Administrative Regulation (AR) 631 (establishing a priority system for dental appointments) and Medical Directive 407 (establishing a priority system for the delivery of dental prosthetics) were not unconstitutional. We disagree. Kamedula did not demonstrate that the regulation or directive infringed on his constitutional right to receive adequate medical care as he ultimately received adequate treatment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (holding that the Eighth Amendment imposes on officials a duty to ensure, in relevant part, adequate medical care); *Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."). Kamedula's argument therefore does not provide a basis to reverse the summary judgment on this claim.

Third, Kamedula argues that the district court erred by finding that he could not support his retaliation claims. We disagree. Kamedula presented no evidence to contradict respondents' evidence showing that delays in treatment were due to respondents complying with the NDOC's priority system for inmates needing dental care, not in retaliation for Kamedula's actions. *See Angel v. Cruse*, 130 Nev. 220, 225, 321 P.3d 895, 899 (2014) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the

defendant's conduct." (quoting *Brodheim v. Cry,* 584 F.3d 1262, 1271 (9th Cir. 2009))). And we agree with the district court that respondents' offer to transfer Kamedula to another facility for a second opinion and to accelerate his dental care does not constitute an adverse action by the State. *See Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (requiring that the State take adverse action against a prisoner to support a retaliation claim).

Fourth, Kamedula argues that the district court erred by finding that he failed to establish the elements of his negligence and negligence per se claims. We disagree, as Kamedula failed to establish an appropriate basis for his claims against respondents in their individual or official capacities under § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Hayes v. Idaho Corr. Ctr.,* 849 F.3d 1204, 1215 (9th Cir. 2017) (Bybee, J., concurring) (noting that "the circuit courts have uniformly held that negligence is not sufficient to raise a claim under § 1983").

Fifth, Kamedula argues that the district court erred by granting summary judgment on his state law claims. We disagree. As a threshold issue, the district court lacked subject matter jurisdiction over the state law claims because Kamedula did not properly invoke the State's waiver of sovereign immunity. Specifically, he failed to bring the complaint in the name of the State of Nevada on relation of the Nevada Department of Corrections. *See* NRS 41.031 (requiring that actions against the State of Nevada "be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit"); NRS 41.0337(2) (requiring that the State or appropriate political subdivision be named a party defendant

for tort actions to be brought against any State officers or employees); *see also Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087 (9th Cir. 2007) (noting sovereign immunity is a limitation on the court's subject matter jurisdiction). Thus, even though the district court resolved the case on the merits, we conclude that it reached the correct result. *See Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011) (noting that subject matter jurisdiction can be raised *sua sponte* by an appellate court); *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("[T]his court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

Moreover Kamedula's state law claims fail on the merits. Nothing in NRS 209.131 (outlining the duties of the Director of NDOC) suggests that the Legislature intended to create a private right of action.[2] *See Baldonado v. Wynn Las Vegas*, 124 Nev. 951, 959, 194 P.3d 96, 101 (2008) (providing that the absence of a provision creating a private right of action suggests that the Legislature did not intend to create one). And, respondents had qualified immunity, as they reasonably relied on medical advice and the administrative regulations in place governing dental care and dental prosthetics. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009)

---

[2]To the extent Kamedula's complaint could be read to allege medical malpractice claims, those claims are void *ab initio* as he failed to attach the expert affidavit required by NRS 41A.071(2). *See Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 642-43, 403 P.3d 1280, 1285 (2017) ("[I]f the jury can only evaluate the plaintiff's claims after presentation of the standards of care by a medical expert, then it is a medical malpractice claim [subject to the affidavit requirement]."); *Peck v. Zipf*, 133 Nev. 890, 898, 407 P.3d 775, 781 (2017) (noting that the expert affidavit requirement applies to incarcerated persons).

(holding that qualified immunity protects an official who "reasonably believes that his or her conduct complies with the law").

The takings, conversion, and unjust enrichment claims arising from an $8 copay charged for a dental visit fail because respondents had a legal basis to charge the copay under NRS 209.246 (providing that costs may be charged for medical care and prosthetic devices) and AR 245 (addressing inmate medical charges). And Kamedula did not contradict respondents' evidence showing that they complied with the applicable law in charging the copay.[3] The concert of action, civil conspiracy, and vicarious supervisor liability[4] claims fail because Kamedula did not establish any underlying misconduct or inherently dangerous activity. *See Abrams v. Sanson*, 136 Nev. Adv., Op. 9, 458 P.3d 1062, 1070 (2020) (addressing elements of civil conspiracy and concert of action); *McCrosky v. Carson*

---

[3]We do not address Kamedula's arguments regarding these claims that are based on evidence not included in the record. *See Johnson v. State*, 113 Nev. 772, 776, 942 P.2d 167, 170 (1997) ("It is appellant's responsibility to make an adequate appellate record."). And any argument that the copay violated Kamedula's due process rights fails. *See Gardner v. Wilson*, 959 F. Supp. 1224, 1229 (C.D. Cal. 1997) (finding no due process violation where the inmate had notice of the law permitting charges for medical care, the inmate initiated the medical visit, and the inmate could challenge the charge via the prison's grievance procedures); *Scott v. Angelone*, 771 F. Supp. 1064, 1067 (D. Nev. 1991) (finding that deductions from an inmate's account for medical charges did not violate due process).

[4]The supervisor liability claim also fails under § 1983 because Kamedula failed to establish any genuine issue of material fact as to wrongful conduct or constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (holding that "[a] defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (internal quotation marks omitted)).

*Tahoe Reg'l Med. Ctr.*, 133 Nev. 930, 932-33, 408 P.3d 149, 152 (2017) (defining vicarious liability). Finally, Kamedula's generic civil rights claim did not make allegations beyond those already addressed and rejected above. The district court therefore properly granted summary judgment on Kamedula's state law claims.

Seventh, Kamedula argues that the district court erred by denying his NRCP 37 motion to compel discovery, and in the manner in which it permitted him to conduct discovery. We conclude that the district court did not abuse its discretion by denying Kamedula's motion, *see MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev. 235, 241, 416 P.3d 249, 256 (2018) (reviewing such decisions for an abuse of discretion), as the record reflects respondents provided reasonable responses to Kamedula's discovery requests. And Kamedula's complaints regarding discovery delays do not warrant appellate relief. *See Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) (holding that "[d]iscovery matters are within the district court's sound discretion").

We further conclude that the district court did not abuse its discretion in the manner in which it permitted Kamedula to conduct discovery. The district court's method was aimed at assisting Kamedula, a pro se litigant, to obtain all the discovery needed for his case. And the method ultimately provided Kamedula with much of the discovery he sought, including some over the State's objections.[5] *See id.* (declining to

---

[5]Kamedula does not explain how the district court prevented him from identifying the names of additional Doe defendants. We therefore do not address that argument further. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that this court need not address arguments not cogently argued).

overturn discovery decisions "unless the court has clearly abused its discretion").

Lastly, we see no abuse of discretion in the denial of Kamedula's motion to disqualify the presiding district court judge. *See Ivey v. Eighth Judicial Dist. Court*, 129 Nev. 154, 162, 299 P.3d 354, 359 (2013) (reviewing a district court's decision regarding a motion to disqualify a judge for an abuse of discretion). The judge's wife being assigned to teach at the prison where Kamedula is confined and the judge's former church Bishop working in the prison's maintenance department are not relationships that require disclosure to the parties or disqualification. *See Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011) (stating that, in reviewing disqualification decisions, this court must decide if a reasonable person with knowledge of all the facts could reasonably doubt a judge's impartiality); *Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1254, 148 P.3d 694, 701 (2006) (holding that "[d]isqualification for personal bias requires an extreme showing of bias" (internal quotation marks omitted)); *see also* NRS 1.230 (outlining the grounds for disqualification of judges other than appellate judges); NCJC Canon 2.11(A)(2) (providing examples of circumstances requiring disqualification, including where a spouse or a person within a third degree of consanguinity is "a party to the proceeding or an officer, director, general partner, managing member, or trustee of a party," "has more than a de minimis interest in the proceedings," or is "likely to be a witness in the proceedings"); *id.* Canon 2.11(C) (providing that disclosure *may* be required if the judge is subject to disqualification). And adverse rulings made "during the course of official judicial proceedings do not establish legally cognizable grounds for disqualification." *Matter of Dunleavy*, 104 Nev. 784, 789-90, 769 P.2d 1271, 1275 (1988).

Having rejected all of Kamedula's appellate arguments, we ORDER the judgment of the district court AFFIRMED.[6]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Jim C. Shirley, District Judge
Brian Kamedula
Attorney General/Carson City
Attorney General/Las Vegas
Pershing County Clerk

---

[6]Because we affirm the district court's grant of summary judgment in favor of respondents, we necessarily reject Kamedula's argument that the district court erred in not granting summary judgment in his favor.